UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORI ANN BUTLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-6903** |
| **SELECTIVE INSURANCE CO. OF THE SOUTHEAST ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Riverlands Insurance Services, Inc.'s Motion to Dismiss (Doc 17). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Lori Ann Butler has brought claims against Defendants Selective Insurance Co. ("Selective") of the Southeast and Riverlands Insurance Services, Inc. ("RIS") arising out of damage to her property caused by Hurricane Ida. Plaintiff initially filed her case in the 40th Judicial District Court for the Parish of St. John the Baptist, and Selective, a Write-Your-Own Program insurance carrier, removed the case pursuant to the National Flood Insurance Program. Plaintiff's petition alleges that Selective issued a flood

1

policy for her property and failed to provide adequate coverage for the damage it sustained.

In the instant Motion, RIS moves for dismissal of the claims against it because it is not an insurance company, did not issue a policy for Plaintiff's property, and Plaintiff's petition fails to allege any allegations against it. Plaintiff has not filed an opposition. However, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Accordingly, this Court will consider the merits of Defendant's request.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[1] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc*.,* 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam)*;* John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*,* 757 F.2d 698, 709 (5th Cir.1985).

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 678.

plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## **LAW AND ANALYSIS**

Beyond listing RIS as a defendant, Plaintiff's petition does not contain any factual allegations regarding RIS. Accordingly, she has not pleaded enough facts "to state a claim for relief that is plausible on its face."[9] Further, pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice from the Louisiana Department of Insurance's website of the fact that RIS is not an insurance company and therefore does not issue insurance policies.[10] RIS is an insurance agency, and Plaintiff's petition does not make any allegations of insurance agent negligence.

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claims against Riverlands Insurance Services, Inc. are **DISMISSED**. Plaintiff may amend her Complaint within 20 days of this Order to the extent she can remedy the deficiencies identified herein.

---

[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] *Ashcroft*, 556 U.S. at 678 (2009).
[10] Docs. 17-2, 17-3.

New Orleans, Louisiana this 1st day of April, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

4